IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Francisco K. Avoki; Prisca A. Avoki; William P. Avoki, | ) ) ) | C/A No. 0:19-324-SAL-PJG |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| City of Chester, South Carolina; Police Department of Chester, South Carolina; Hy-Gloss Paint & Body Shop, Inc.; Cpl. Robert Martz; Ptl. Tyler Covington; Does I-XXX; George Caldwell, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiffs, Francisco K. Avoki, Prisca A. Avoki, and William P. Avoki, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. This matter is before the court pursuant to a motion to sever by the City of Chester Defendants. (ECF No. 48.)

The City of Chester Defendants first argue that the plaintiffs and defendants in this matter are misjoined pursuant to Federal Rule of Civil Procedure 20 because each plaintiff's claims relate to separate and distinct incidents that occurred over four years and will require individual determinations of liability. The court agrees. See Fed. R. Civ. P. 20(a)(1) (providing that plaintiffs may join in one action if they "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action); Fed. R. Civ. P. 20(a)(2) (providing a plaintiff may bring a claim against multiple defendants if "any

right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.").

As argued by the City of Chester Defendants, the plaintiffs' allegations here concern three separate and distinct matters between different sets of parties at different times. The incidents appear to concern:

- Francisco Avoki's claims that the City of Chester and Hy-Gloss Paint & Body Shop, Inc. violated his civil rights in 2018 by impounding or towing his vehicles in retaliation for a previous lawsuit.

- William Avoki's claims that the City of Chester Police failed to investigate three incidents in which William was assaulted between 2014 and 2016 and arrested William in 2018 for attempted murder.

- Prisca Avoki's claims concerning an incident on April 3, 2018, in which she was arrested by City of Chester Police officers Robert Martz and Tyler Covington.

Therefore, the plaintiffs' claims do not arise out of the "same transaction, occurrence, or series of transactions or occurrences," and the plaintiffs do not seek relief jointly, severally, or in the alternative.

Accordingly, the City of Chester Defendants' motion to sever should be granted. (ECF No. 48.) Plaintiff's claims shall be severed into three distinct matters. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); see also Fed. R. Civ. P. 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (providing that where a plaintiff fails to observe the requirements of Federal Rule of Civil Procedure 20(a)(2) with respect to joinder of parties, unrelated claims against different defendants belong in separate lawsuits, and the action may be severed into separate lawsuits).

**TO THE CLERK OF COURT**:

The above-captioned case should pertain only to Francisco Avoki's claims, as described above. The defendants in the above-captioned case shall remain the same. Prisca Avoki and William Avoki shall be terminated as plaintiffs in this matter.

The Clerk of Court is further directed to assign separate civil action numbers to the claims of Prisca Avoki and William Avoki. In those cases, the defendants should remain the same as in the above caption except Hy-Gloss Paint & Body Shop, Inc. shall not be included. In William Avoki's case, Francisco Avoki should be listed as next friend for William.[1] The Clerk of Court shall file this order, the Amended Complaint, and the City of Chester Defendants' Answer (ECF No. 46) as the initial docket entries in the newly created cases.[2] The Clerk of Court shall also file the Motion for a 26(f) Conference (ECF No. 72) as a docket entry in Prisca Avoki's case.

    **IT IS SO ORDERED**

_Paige J. Gossett_

January 10, 2020                        Paige J. Gossett
Columbia, South Carolina          UNITED STATES MAGISTRATE JUDGE

---

[1] Francisco Avoki continues to sign documents on behalf of William Avoki. **Francisco is again warned that <u>only appointed counsel</u> may file documents on behalf of William Avoki. Pursuant to Federal Rule of Civil Procedure 11, any pleading, written motion, or other paper filed on behalf of William must be signed by appointed counsel.** Therefore, Francisco Avoki may <u>not</u> file documents on behalf of William Avoki in William Avoki's new civil action.

[2] The court will issue separate orders in the newly created cases directing the parties to bring the cases into proper from and file the necessary pleadings.